UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HUMAN,<br><br>Plaintiff,<br><br>v.<br><br>USHEALTH ADVISORS, LLC and JOHN AND JANE DOES 1 THROUGH 9,<br><br>Defendants. | ) | Case No. 4:32-cv-01586 |

**DEFENDANT USHEALTH ADVISORS, LLC'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant USHEALTH Advisors, LLC ("USHA"), moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count II of Plaintiff Daniel Human's Complaint, Dkt. No. 1, Ex. A (the "Complaint").

## PRELIMINARY STATEMENT

Plaintiff is a serial litigant, having filed at least eleven other lawsuits in the last year under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") that are in this Court alone.[1] Plaintiff is suing over nine telephone calls he claims were placed to his telephone number over eight days from January 4, 2023 to January 12, 2023. One of the counts asserted in

---

[1] *See Human v. Rocket Mortgage Company, Inc.*, No. 4:23-cv-00123-HEA (E.D. Mo.); *Human v. Window Nation St. Louis, MO.*, No. 4:23-cv-00489-SEP (E.D. Mo.); *Human v. STL Design and Build, LLC*, No. 4:23-00684-MTS (E.D. Mo.); *Human v. SelectQuote, Inc.*, No. 4:23-cv-00826-SEP (E.D. Mo.); *Human v. Call Trader, LLC*, No. 4:23-cv-00843-JMB (E.D. Mo.); *Human v. Benepath, Inc.*, 4:23-cv-00865-MTS (E.D. Mo.); *Human v. Broker Solutions, Inc.*, No. 4:23-cv-01271-HEA (E.D. Mo.); *Human v. Insurance Supermarket International Inc.*, No. 4:23-cv-01305-MTS (E.D. Mo.); *Human v. Priority Automotive, Inc*., No. 4:23-cv-01577-RLW (E.D. Mo.); *Human v. American Financial Network, Inc*., No. 4:23-cv-01559-RLW (E.D. Mo.); *Human v. Frubbel, LLC*, No. 4:24-cv-00050-JSD (E.D. Mo.).

this lawsuit, Count II, attempts to bring a claim under the TCPA for the use of an automatic telephone dialing system ("ATDS"). *See* Compl. at ¶¶ 70-75.

Plaintiff fails to plausibly allege that USHA (or anyone else) used an ATDS to place any telephone calls to him, and Count II should be dismissed for failure to state a claim for relief. Following a recent Supreme Court decision, it is now clear that to qualify as an ATDS, the equipment must randomly or sequentially (*e.g.*, 555-1111, 555-1112, 555-1113, *etc.*) generate the telephone number to be called. The courts have recognized that ruling places "predictive dialers" – equipment that predicts when a person should be joined to a call that has been placed, separate and apart from how the called telephone number was generated – outside the definition of an ATDS. Yet, Plaintiff expressly pins his ATDS claim on the allegation that USHA or its unspecified "agents" called him using a predictive dialer. To the extent allegations based on the use of a predictive dialer ever could state a plausible ATDS claim under the TCPA, they no longer suffice. Accordingly, the Court should dismiss Count II of the Complaint.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARDS

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citation omitted).

## II. PLAINTIFF FAILS TO PLAUSIBLY ALLEGE USE OF AN ATDS

Plaintiff alleges that "USHA, Doe's [sic] 1 through 9, and their agents, employees and/or vendors placed numerous calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system . . . ." Compl. at ¶ 44. This fails to satisfy the plausibility pleading standard in alleging that an ATDS, as opposed to a predictive dialer using stored lists of telephone numbers, was used.

The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court clarified that to qualify as an ATDS under the TCPA, "***whether storing or producing*** numbers to be called, the equipment in question ***must*** use a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (U.S. 2021) (emphases added). "After the *Duguid* opinion, the ATDS portion of the claim requires an allegation that [defendant] used a random or sequential number generator to place a call to Plaintiff's cellphone . . . ." *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2021 WL 5040228, *3 (N.D. Tex. Oct. 29, 2021) (quoting *McEwen v. Nat'l Rifle Ass'n*

*of Am.*, No. 2:20-CV-00153-LEW, 2021 WL 1414273, *7 (D. Me. Apr. 14, 2021)).[2]

In this Complaint, Plaintiff alleges the calls placed to him were made with an ATDS because, he contends, "[p]redictive dialers constitute an automatic telephone dialing system . . . ." Compl. at ¶ 44. Plaintiff further alleges that, "[j]ust prior to being connected to the telemarketer, [he] heard a click, a pause, and the call was then transferred and connected," which he contends indicates the use of a predictive dialer. *Id.* at ¶ 34 & 43. This argument has no force after *Facebook*. Predictive dialers, in and of themselves, do not randomly or sequentially generate the telephone numbers being called. As Plaintiff's Complaint states, the essential feature of a predictive dialer is that it "attempt[s] to 'predict' the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call . . . ." *Id.* at ¶ 43 (quoting *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14101 (2003)).

In fact, as the Eleventh Circuit explained, predictive dialers were a "change[ ]" in "[t]echnology and marketing strategies" in which "companies *switch[ed] from using machines that dialed a high volume of* ***randomly or sequentially generated numbers*** to using '*predictive dialers*' that called a ***list of pre-determined potential customers***," and thus are not included in the narrow definition of an ATDS that was later adopted by the Supreme Court. *Glasser v.*

[2] *See also, e.g.*, *Camunas v. Nat'l Republican Senatorial Comm.*, No. CV 21-1005, 2021 WL 5143321, *6 (E.D. Pa. Nov. 4, 2021) ("Camunas does not allege that his number was stored after it was generated by a random or sequential number generator. Thus, Camunas has not pleaded facts sufficient to support a reasonable inference that NRSC used a device that had 'the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.'") (quoting *Facebook*, 141 S. Ct. at 1167)); *DeClements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2021 WL 5138279, *2 (D. Ariz. Nov. 4, 2021) (dismissing ATDS claim because "the complaint does not allege any facts showing that Plaintiff was texted as a result of an autodialer sequentially or randomly generating the digits of his phone number").

*Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1308-09 (11th Cir. 2020) (emphases added). The *Facebook* decision makes clear that dialing equipment that does not "use . . . random or sequential number generator technology," such as a predictive dialer, cannot be deemed to be included in a "broad autodialer definition" when Congress was focused on the "unique problems for business, emergency, and cellular lines" caused by "random or sequential number generator technology" and proceeded to adopt a "narrow statutory design" to address just that kind of autodialer. *Facebook*, 141 S. Ct. at 1172.

As one district court explained pre-*Facebook*, it is only through the "broader definition" of "ATDS" rejected in *Facebook* that "predicative dialers" are "to be considered an ATDS." *Bristow v. Am. Nat'l Ins. Co*., No. 20-10752, 2021 WL 22457, *3 (E.D. Mich. Jan. 4, 2021). *Facebook* resolved that circuit split and the Supreme Court unanimously adopted the narrow definition that ***excludes*** predictive dialers from the meaning of an ATDS. *See also*, *e.g.*, *Legere-Gordon v. FirstCredit, Inc*., No. 1:19-CV-360 WBS, 2021 WL 2269503, *8 (D. Idaho June 2, 2021) ("[T]he Supreme Court recently held that the definition of an ATDS under the statute was significantly narrower than many courts had assumed.") (citing *Facebook*, 141 S. Ct. at 1163). The Eighth Circuit rejected an attempt to argue "equipment that merely stores and dials telephone numbers" qualifies as an ATDS after *Facebook*, explaining that the Supreme Court in *Facebook* was "concerned with Congress's limiting the definition of Autodialer to unique equipment capable of randomly dialing emergency lines and tying up sequentially numbered business lines." *Beal v. Outfield Brew House, LLC*, 29 F.4th 391, 395-96 (8th Cir. 2022). Accordingly, alleged facts that suggest the use of a predictive dialer – such as a brief pause or click or beep – do not indicate use of equipment that has the capacity to ***store*** or ***produce***

telephone numbers *using a random or sequential number generator*, and thus any alleged pause that may be indicative of the use of a predictive dialer fails to raise beyond the speculative level the alleged use of an ATDS, *i.e.*, that calls were placed to telephone numbers generated randomly or sequentially. Thus, the alleged use of a predictive dialer, at best, "pleads facts that are 'merely consistent with' a defendant's liability," and "'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678. Such an allegation does not "nudge[ ]" the claim that an ATDS, a very specific and narrowly-defined type of equipment, was used "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

This is especially the case when considering that, even before *Facebook*, courts still required more than an alleged pause and beep or click to plausibly state the use of an ATDS. Courts required allegations about "the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an automated telephone dialing system was used." *Mesa v. Am. Express Educ. Assurance Co*., No. 16-CV-24447-HUCK, 2017 WL 2212147, *5 (S.D. Fla. May 18, 2017). For example, a court from the Southern District of California ruled, even when the "broader definition" of an ATDS was the controlling standard pre-*Facebook*, that a complaint containing vague references to multiple telephone calls and the allegation that "there was a pause after [plaintiff] answered each call" "does not raise the assertion that Defendants used an ATDS above a speculative level." *Hildre v. Heavy Hammer, Inc*., No. 3:20-CV-00236-L-LL, 2021 WL 734431, *2 (S.D. Cal. Feb. 25, 2021). The Complaint here is similarly lacking. Plaintiff identifies nine telephone calls over eight days, but gives only the most general information about them, never alleging they were the exact same, only that the callers were allegedly soliciting Plaintiff to purchase an insurance

policy. *See* Compl. at ¶¶ 33-34 & 37-38. Those kinds of allegations are the type that can easily be asserted in all of the other TCPA lawsuits Plaintiff has filed and likely will continue to file (simply change the product or service allegedly being solicited, here an "insurance policy," as appropriate). For this reason, too, Plaintiff's meager factual allegation fail to plausibly suggest the use of an ATDS as opposed to other types of dialing equipment (even manual dialing).[3]

Since Plaintiff has failed to include sufficient well-pleaded allegations of fact, as opposed to conclusory parroting of statutory elements, to plausibly suggest that an ATDS was used to make the telephone calls at issue, Count II should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant USHEALTH Advisors, LLC respectfully requests that the Court enter an Order dismissing Count II of Plaintiff Daniel Human's Complaint for failure to state a claim for relief, and granting any further relief the Court deems appropriate.

Dated: January 17, 2024

Respectfully submitted,

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman # 662501(FL)
(*pro hac vice* application forthcoming)
Roy Taub (*pro hac vice*) #116263(FL)
200 East Broward Blvd., Suite 1800

[3] *See Nakai v. Charter Commc'ns, Inc.*, No. CV 19-8035-GW-SSX, 2020 WL 1908949, *5 (C.D. Cal. Apr. 15, 2020) (declining to find that the "alleged five calls within a twelve-day period [are] sufficient to state a plausible claim"); *Sepehry-Fard v. MB Fin. Servs.*, No. 13-cv-02784-BLF, 2014 WL 2191194, *3 (N.D. Cal. May 23, 2014) (finding fourteen calls within a week "fail[ed] to support an inference that the calls were generated by an ATDS"); *Rhinehart v. Diversified Cent., Inc.*, No. 4:17-CV-624-VEH, 2018 WL 372312, *8 (N.D. Ala. Jan. 11, 2018) ("[D]espite the fact that she sets out several dates and times on which calls were made to her" – thirty-four calls in just over two months – "the Plaintiff has alleged no facts which plausibly establish that such calls were made using an 'automatic telephone dialing system' other than the bare allegations that such a system was used.").

Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

ARMSTRONG TEASDALE LLP
Christopher D. Baucom #56465(MO)
Christopher R. LaRose #59612(MO)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
cbaucom@atllp.com
clarose@atllp.com

Paul Croker #57000(MO)
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108
816.221.3420
816.221.0786 (facsimile)
pcroker@atllp.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 17, 2024, a true and correct copy of the foregoing was served on all counsel of record via CM-ECF.

*/s/ Roy Taub*
ROY TAUB