UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HUMAN,<br><br>Plaintiff,<br><br>v.<br><br>USHEALTH ADVISORS, LLC and JOHN AND JANE DOES 1 THROUGH 9,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:23-cv-01586 |

**DEFENDANT USHEALTH ADVISORS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

In its Partial Motion to Dismiss, (Dkt. Nos. 13-14) ("Motion"), USHEALTH Advisors, LLC demonstrated how Count II of the Complaint should be dismissed for failing to state with facial plausibility that the nine telephone calls allegedly placed to Plaintiff were made using an automatic telephone dialing system ("ATDS"). Plaintiff's Opposition offers no meaningful response to any of USHA's arguments and basically argues that an ATDS claim is sufficiently stated simply by alleging an ATDS was used, the height of a conclusory assertion stated without any factual basis. Quite clearly, that is not the law, and the Court should dismiss Count II for failure to state a plausible claim for relief. [1]

**ARGUMENT**

The Opposition argues the conclusory and unsupported assertions of the use of an ATDS

[1] Plaintiff asserts that "USHA is a habitual TCPA violator and continues to violate the TCPA." Opp'n at 2 n.1. This is one of his many baseless and unsupported contentions. Several of the lawsuits cited by Plaintiff did not involve USHA, USHA was the plaintiff, and/or the cases had nothing to do with the TCPA. As for the TCPA lawsuits filed against USHA, none resulted in a determination that USHA violated the TCPA (most were dismissed).

by whomever allegedly called Plaintiff suffice because "no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage." Opp'n at 5 (quoting *Atkinson v. Pro Custom Solar LCC*, No. SA-21-CV-178-OLG, 2021 WL 2669558, *1 (W.D. Tex. June 16, 2021)). The suggestion that any plaintiff can defeat a Rule 12(b)(6) motion and open the doors to discovery and the rest of the litigation process, including in a putative class action, simply by writing "automatic telephone dialing system" in his complaint has no basis in the law and makes a mockery of the plausibility pleading standard. It also ignores that the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (U.S. 2021), was decided at the motion to dismiss stage, and found the complaint was properly dismissed under Rule 12(b)(6) because the plaintiff had not plausibly alleged the use of the very narrowly defined and specific type of equipment prohibited under the TCPA: "***whether storing or producing*** numbers to be called, the equipment in question ***must*** use a random or sequential number generator." *Id.* at 1170 (emphases added). The Eighth Circuit reiterated this narrow focus and reach of the statutory definition of an ATDS. *See Beal v. Outfield Brew House, LLC*, 29 F.4th 391, 395-96 (8th Cir. 2022). The suggestion that a plaintiff cannot be required to allege facts to support a plausible inference that such a specific type of equipment was used is meritless.

Curiously, while Plaintiff now advances this argument about the bare minimum that he must allege, such a low threshold is inconsistent with the fact that Plaintiff actually attempted to assert facts to raise his claim that an ATDS was used to the non-conclusory and non-speculative level, to nudge it "from conceivable to plausible," as is required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is why Plaintiff contended the calls to him were made with a "predictive dialer," on the basis that, according to Plaintiff, "***[p]redictive dialers constitute an***

***automatic telephone dialing system*** . . . ." Compl. at ¶ 44 (emphasis added). *See also id.* at ¶ 43. USHA's Motion, however, established that a predictive dialer is, in fact, ***not*** an ATDS. Plaintiff's basis for alleging the use of an ATDS therefore was ***debunked***. Plaintiff appears to agree, because his Opposition does not point to or rely upon these paragraphs or any use of a predictive dialer to try to support his claim that the calls to him were made using an ATDS.

Plaintiff instead falls back on the cursory allegations about the use of "automated systems," a phrase without any legal significance on an ATDS claim, and that he heard a click and a pause prior to being connected to a telemarketer. *See* Opp'n at 4 (citing Compl. at ¶¶ 4 & 34). Plaintiff, though, never addresses USHA's arguments establishing that, at most, that would indicate the use of a predictive dialer, which is not an ATDS and therefore not suggestive of the use of an ATDS. Plaintiff's conclusory references to the calls as "automated texts, atds calls, robo calls, and direct dial calls," (Opp'n at 5 (citing Compl. at ¶ 76[2])), likewise does not nudge the claim that an ATDS was used from conceivable to plausible. The reference to "automated texts" in particular indicates an "all of the above" cursory approach to pleading, especially when Plaintiff alleges he "heard a click, a pause, and the call was then transferred and connected" and "repeatedly informed" the callers "verbally" to stop calling him. *See id.* at ¶¶ 34 & 36 n.1.[3] That is not how text messages work or how anyone would request that they stop.

Plaintiff's argument that he does not have to actually state facts that plausibly suggest the use of an ATDS should be rejected. As USHA explained in its Motion, the courts have required more than an alleged pause and beep or click to plausibly state the use of an ATDS, and have

---

[2] This appears to be a typographical error by Plaintiff, as he likely intended to cite Paragraph 90.

[3] Plaintiff also argues that he "clearly stated a claim for vicarious liability . . . ." Opp'n at 5. Even if such a cause of action were cognizable, Plaintiff never explains how that plausibly states a claim under the TCPA for unlawful use of an ATDS by whomever called him.

insisted upon allegations about "the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an automated telephone dialing system was used." *Mesa v. Am. Express Educ. Assurance Co*., No. 16-CV-24447-HUCK, 2017 WL 2212147, *5 (S.D. Fla. May 18, 2017). The *Atkinson* decision that Plaintiff relies upon has been placed within that same context, such as in a decision that found the plaintiff had pleaded "specific facts indicating that the calls he received were made using an ATDS" by alleging, among other things, the messages were generic, did not target him individually, and were not personalized to him, which was described as consistent with how "[c]ourts in this district have frequently denied motions to dismiss TCPA claims making similar allegations." *Salaiz v. Beyond Fin., LLC*, No. EP-23-CV-6-KC, 2023 WL 6053742, *3 (W.D. Tex. Sept. 18, 2023) (citing *Atkinson*, 2021 WL 2669558 at *1). Plaintiffs makes no such allegations about the calls placed at issue in this case.

Plaintiff also relies upon *Prosser v. USHealth Advisors, LLC*, No. 4:23-CV-124-MTS, 2023 WL 5093872, *3 (E.D. Mo. Aug. 9, 2023), a decision by another Court in this District. That decision ruled that even though the Supreme Court wrote, "[w]e hold that a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called," (*Facebook*, 592 U.S. at 409), "the pleading standard does not require Plaintiff to plead such 'technical matter.'" *Prosser*, 2023 WL 5093872 at *3. That is incorrect, and a plaintiff is required to allege facts that plausibly suggest the equipment that called him randomly or sequentially generated his telephone number, as opposed to calling his number from a stored list or by manual dialing, and not simply parrot that statutory language. It would be odd for the holding of *Facebook* to not apply at the

pleading stage when that was the stage at which *Facebook* was decided. In any event, the *Prosser* case presented a clearly distinct situation, where the plaintiff was suing over eighty-seven calls and texts, (*id.* at *1), a volume of calls that is more likely to plausibly suggest the use of an ATDS than a situation where only nine calls over eight days are alleged, as is the case here. For these reasons, *Prosser* is not helpful to Plaintiff, nor does it allow him to state an ATDS claim upon no more than conclusory assertions that an ATDS was used to call him.

## CONCLUSION

For the foregoing reasons, Defendant USHEALTH Advisors, LLC respectfully requests that the Court enter an Order dismissing Count II of Plaintiff Daniel Human's Complaint for failure to state a claim for relief, and granting any further relief the Court deems appropriate.

Dated: January 29, 2024

Respectfully submitted,

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman # 662501(FL)
(*pro hac vice* application forthcoming)
Roy Taub (*pro hac vice*) #116263(FL)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

ARMSTRONG TEASDALE LLP
Christopher D. Baucom #56465(MO)
Christopher R. LaRose #59612(MO)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)

cbaucom@atllp.com
clarose@atllp.com

Paul Croker #57000(MO)
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108
816.221.3420
816.221.0786 (facsimile)
pcroker@atllp.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 29, 2024, a true and correct copy of the foregoing was served on all counsel of record via CM-ECF.

*/s/ Roy Taub*
ROY TAUB